In THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BOARD OF TRUSTEES OF OPERATING \*
ENGINEERS LOCAL 37 BENEFIT FUND
                                    \*
        Plaintiff
                                    \*
    vs.                      CIVIL ACTION NO. MJG-09-1857
                                    \*
DORACON CONTRACTING, INC.,
et al.                           \*
        Defendants
\*      \*      \*      \*      \*      \*      \*      \*      \*

MEMORANDUM AND ORDER RE: SUMMARY JUDGMENT

The Court has before it Plaintiffs' Motion for Summary Judgment [Document 43] and Defendants' Cross Motion for Summary Judgment [Document 44] and the materials submitted relating thereto. The Court has held a hearing and had the benefit of the arguments of counsel.

I. BACKGROUND[1]

Plaintiffs, Joseph Shanahan, Charles Holub, James McNelis, Pierce Flanigan IV, James Smith, Wade Hamel, and Randall Appel, are Trustees of the Health & Welfare Fund, of the Severance & Annuity Fund, of the Pension Fund, of the Vacation Fund, of the Apprenticeship and Training Fund, and all of the International

---

[1] The "facts" herein are as alleged by Plaintiffs and are not necessarily agreed upon by Defendants.

Union of Operating Engineers Local 37 ("Union") (collectively, the "Trustees").

Defendants Doracon Contracting Inc. ("Doracon"), and Doracon Contracting Inc. of D.C.[2] ("Doracon-DC") were engaged in construction work and employed members of the Union. Defendant Ronald Lipscomb ("Lipscomb") was the sole director and stockholder of Doracon and principal owner of Doracon-DC. On October 3, 2008, Doracon forfeited its corporate charter. After the forfeiture, Lipscomb continued to operate the Doracon business using the corporate name.

Sometime prior to 2008, Doracon and the Union entered into a Collective Bargaining Agreement ("CBA").[3] Under the CBA, the Trustees sponsor employee benefits plans which provide pension, health and welfare, vacation, severance, annuity, and training benefits to members of the Union and their dependents. Doracon was required to report and submit contributions on a monthly basis on behalf of the Union members it employed.

---

[2] There has been some inconsistency in the name used by Plaintiffs to identify Doracon-DC. The Second Amended Complaint accurately stated the corporate name as Doracon Contracting of D.C., Inc., but the name was changed to Doracon Contracting Inc. of D.C. in the Third Amended Complaint. The Court will, herein, deem any reference to "Doracon Contracting Inc. of D.C." refer to Doracon Contracting of D.C., Inc.

[3] Highway and Commercial Excavation Agreement by and between The Maryland Heavy and Highway Contractors Association, Inc. and Locals No. 37 and 37R of the International Union of Operating Engineers AFL-CIO and Doracon Contracting, Inc. Pls.' Mot. Ex 8.

Reports were submitted to Decision Science, Inc., a company engaged by the Trustees to administer the funds. The reports detailed the hours worked by each Union member and the corresponding contributions due to be paid on their behalf. Although not a signatory to the CBA, Doracon-DC also submitted reports and made payments pursuant to the terms of the CBA.

For the periods January through March 2008, and September 2008 through December 2009, Doracon and Dorocan-DC, while making reports relating to overtime, did not make payments to the trustees as provided in the CBA. Therefore, Doracon has "reported," but not paid, a total of $379,661.36 and Doracon-DC has "reported" and not paid a total of $62,234.15.

Plaintiffs are proceeding in this action[4] (1) against Lipscomb seeking to impose personal liability on him for the $379,661.36 owed by Doracon[5] and (2) against Doracon-DC for the

---

[4] The original Complaint was filed on July 15, 2009 by the Board of Trustees of Local 37 against Doracon and Lipscomb. The Complaint was Amended in March 2010 to change the relevant reporting periods and amounts due. It was again amended in April 2010 to add Doracon Contracting of D.C., Inc. as a defendant. The answer to the Second Amended Complaint included an affirmative defense stating that the claims were barred because the plaintiff lacked standing and was not the proper party in interest. This led to termination of the Board of Trustees of Local 37 and substitution by the individual trustees as Plaintiffs in the Third Amended Complaint [Document 37]. At the same time, the name of the newly added Defendant was changed (by error) to "Doracon Contracting Inc. of D.C."

[5] The proceeding against Doracon was stayed pursuant to 11 U.S.C. § 362, after an involuntary Petition for relief under Chapter 7

3

$62,234.15 reported and not paid.  Lipscomb denies that he is personally liable for the aforesaid obligation of Doracon, and Doracon-DC denies that it has any liability to the Plaintiffs.

II.  SUMMARY JUDGMENT STANDARD

A motion for summary judgment shall be granted if the pleadings and supporting documents "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).

The well-established principles pertinent to summary judgment motions can be distilled to a simple statement:  The Court may look at the evidence presented in regard to a motion for summary judgment through the non-movant's rose-colored glasses, but must view it realistically.  After so doing, the essential question is whether a reasonable fact finder could return a verdict for the non-movant or whether the movant would, at trial, be entitled to judgment as a matter of law.  See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir. 1991).  Thus, in order to defeat a motion for summary judgment, "the party opposing the

---

of the United States Bankruptcy Code was filed on September 21, 2010, Case No. 10-31707 (D. Md.).

motion must present <u>evidence</u> of specific facts from which the finder of fact could reasonably find for him or her." <u>Mackey v. Shalala</u>, 43 F. Supp. 2d 559, 564 (D. Md. 1999) (emphasis added).

"Cross motions for summary judgment 'do not automatically empower the court to dispense with the determination whether questions of material fact exist.'" <u>Equal Rights Center v. Archstone Smith Trust</u>, 603 F. Supp. 2d 814, 820 (D. Md. 2009) (quoting <u>Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Voigt</u>, 700 F.2d 341, 349 (7th Cir. 1983)). Rather, the court must examine each party's motion separately and determine whether summary judgment is appropriate as to each under the Rule 56 standard. <u>Desmond v. PNGI Charles Town Gaming, L.L.C.</u>, 630 F.3d 351, 354 (4th Cir. 2011). The court may grant summary judgment in favor of one party, deny both motions, or grant in part and deny in part each of the parties' motions. See <u>Rossignol v. Voorhaar</u>, 316 F.3d 516, 523 (4th Cir. 2003).

III. <u>DISCUSSION</u>

It suffices to state that, prior to the hearing, the Court (and, presumably, defense counsel) was uncertain of the precise nature of Plaintiffs' contentions. However, as clarified at the hearing, Plaintiffs are proceeding on the following theories:

1. Lipscomb continued to operate Doracon after the forfeiture of Doracon's corporate charter and, thereby, became personally liable for the obligations incurred after that date, essentially because he was operating as a sole proprietorship.

2. Doracon-DC, although not a signatory to the CBA, became a party to the CBA and/or agreed with the Union to meet the obligations of a party to the CBA.

The parties did not fully, indeed hardly at all, address these theories in their summary judgment papers. Nevertheless, it is readily apparent that neither side is entitled to summary judgment, and the case should proceed to trial on these theories. However, the Court will afford the parties the opportunity to submit pretrial memoranda and will, therefore, address the theories without prejudice to reconsideration of the applicable legal principles.

A. LIPSCOMB LIABILITY

In Maryland law, a person who operates a business in the name of a corporation after the corporate charter has been forfeited,[6] and incurs debts, is individually liable for the debts. In re Hare, 205 F. Supp. 881, 883 (D. Md. 1962); see also Moore v. Occupational Safety & Health Review Comm'n, 591 F.2d 991 (4th Cir. 1979)(recognizing that Maryland dissolution statutes have been construed as imposing personal responsibility

---

[6] And prior to any revival.

on corporate directors for liabilities incurred in the continued operations of the dissolved corporation's business after forfeiture of its charter). Indeed, knowingly transacting business in the name of a corporation with a forfeited charter is a crime in Maryland. Md. Code Ann., Corps. & Ass'ns, § 3-514(a).

It would appear that, as expressed by the Court at the hearing, the business operating under the name "Doracon Contracting Inc." is viewed as Lipscomb's sole proprietorship. The business is not a signatory to the CBA. Hence Plaintiffs would have to prove that the sole proprietorship acted so as to become a party to the CBA, agreed to be bound by the terms of the CBA, or otherwise became subject to the obligations to make payments pursuant to reports filed for periods after the charter forfeiture. See the following discussion regarding Doracon-DC.

B. DORACON-DC LIABILITY

Doracon-DC is not a signatory to the CBA. Plaintiffs contend that, nevertheless, Doracon-DC can be liable to make the payments at issue.

As stated by Judge Nickerson in Washington Area Pension Fund v. Mergentime Corp., 743 F. Supp. 422, 425 (D. Md. 1990):

> Section 302 of the Labor Management Relations Act prohibits employers from

> making payments to representatives of employees unless the payments fall within one of the statutory exceptions. One exception, § 302(c)(5)(B), 29 U.S.C. § 186(c)(5)(B) (1978 Supp. 1990), allows an employer to make contributions to a trust fund established for the benefit of the employees only if the obligation to contribute is specified in a written agreement. Employers are not required to be "signatories" to the actual trust agreement. The only requirement is that there be a "written agreement" detailing the basis for payments. Where there is a lack of signature on the actual trust agreement or collective bargaining agreement, courts interpreting § 302 follow two approaches. Some courts require "strict compliance" with the written agreement requirement demanding specific incorporation of the relevant trust agreement into the writing at issue. Other courts do not require explicit incorporation, but do require a "clear reference" to the trust agreement. Absent a "writing" incorporating a trust agreement or collective bargaining agreement, the courts are split over whether the "adoption by conduct" theory is sufficient to satisfy § 302. The Fourth Circuit Court of Appeals has not addressed these specific issues.

(citations and footnotes omitted).

Neither party has suggested that there has been a Fourth Circuit decision, or a judicial consensus, regarding the open questions noted by Judge Nickerson in his 1990 decision. The Court will seek to resolve the issues presented in light of the facts found based on the evidence at trial.

It suffices for the present to state that the Court cannot foreclose the possibility of finding facts that would warrant holding Doracon-DC liable herein.

IV. <u>CONCLUSION</u>

For the foregoing reasons:

1. Plaintiffs' Motion for Summary Judgment [Document 43] is DENIED.

2. Defendants' Cross Motion for Summary Judgment [Document 44] is DENIED.

3. All references to "Doracon Contracting Inc. of D.C." in the Third Amended Complaint are deemed to refer to Doracon Contracting of D.C., Inc.

4. The case shall proceed to trial on the claims addressed herein pursuant to further Order

SO ORDERED, on <u>Tuesday, December 20, 2011</u>.

/s/<br>
Marvin J. Garbis<br>
United States District Judge